IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **HANSEL E. CAIN,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | Civil No. **08-678-JPG** |
| | ) | |
| **W.A. SHERROD,** | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District

Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

Before the Court is Hansel E. Cain's petition for writ of habeas corpus, pursuant to 28

U.S.C. § 2241. **(Doc. 1).** Petitioner Cain is currently incarcerated in the Federal Correctional

Institution in Greenville, Illinois, within the Southern District of Illinois. Petitioner is serving a

10 year sentence for illegally possessing a firearm; his projected release date (with good time

credit) is October 18, 2010. **(Doc. 12-3, pp. 1-3).**

Charges against petitioner were pending simultaneously in the U.S. District Court for the

Western District of Missouri and in the Cole County, Missouri Circuit Court. Apparent

confusion regarding which sovereign had custody of petitioner resulted in petitioner being

returned to state custody after his federal sentence was pronounced, where he served out the state

sentence before being transferred to federal custody to serve his sentence in consecutive fashion.

Petitioner contends his federal sentence was improperly interrupted and should not have been

tolled while he was in state custody. Petitioner contends 18 U.S.C. § 3585(a)[1] and his due

process rights have been violated, and that his transfer to state custody was in direct

contradiction of U.S. District Judge Laughrey's oral pronouncement of sentence.[2] **(Doc. 1).** As

a practical matter, petitioner seeks credit for the approximately two year discrepancy between the

March 31, 2000, federal sentencing date he contends marked the beginning of his federal

sentence, and the February 10, 2002, date used by the Bureau of Prisons. **(Doc. 1).** Petitioner

further argues that the Bureau of Prisons (and presumably the other courts that have addressed

this matter) have committed a civil and criminal wrong. **(Doc. 15).**

The respondent warden of FCI Greenville contends that the Section 2241 petition before

this Court is indistinguishable from a Section 2241 petition decided on the merits by the United

States District Court for the Western District of Louisiana, *Cain v. Menifree*, Civil No. 06-1657

(W.D. LA), and affirmed on appeal with respect to the custody issue and reversed in part so as to

afford petitioner five days credit due to the timing of his transfer from federal to state custody

(*Cain v. Menifee*, No. 07-30067 (5th Cir. March 10, 2008)).[3] **(Doc. 12).** Citing 28 U.S.C. §

---

[1] "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." **18 U.S.C. § 3585(a).**

[2] Judge Laughrey orally stated that petitioner's federal sentence was to run consecutively to the state sentence, "however he will begin his sentence first on the federal sentence." **(Doc. 12-3, pp. 5-6).** The Amended Judgement and Commitment order specified a consecutive sentence and remanded petitioner to the custody of the U.S. Marshal, with no mention of the order in which the two sentences were to be served. **(Doc. 1-2, pp. 20-21).**

[3] At this juncture, it is undisputed that petitioner was in exclusive federal custody at the time the federal sentence was imposed. **(Doc. 12-3, pp. 31-33).** The Court of Appeals for the Fifth Circuit concluded that transferring petitioner so he would serve his state sentence first did not offend Section 3585 or violate petitioner's right to due process. **(Doc. 12-3, pp. 31-36).**

2244(a) and related case law, respondent argues that this is an impermissible successive petition,

the issues raised are *res judicata*, and the petition must be dismissed with prejudice.

<u>Analysis</u>

A Section 2241 petition by a federal prisoner is generally limited to challenges to the fact

of duration of confinement, meaning the *execution* of the sentence.[4] ***Walker v. O'Brien*, 216

F.3d 626, 629 (7th Cir. 2000).**  Title 28 U.S.C. § 2244(a) bars successive petitions under Section

2241 directed at the same issues.

> No circuit or district judge shall be required to entertain an application for a writ
> of habeas corpus to inquire into the detention of a person pursuant to a judgment
> of a court of the United States if it appears that the legality of such detention has
> been determined by a judge or court of the United States on a prior application for
> a writ of habeas corpus, except as provided in section 2255.

**28 U.S.C.A. § 2244(a) (West 1996).**  Therefore, if the issues regarding the execution of sentence

are the same in both petitions, the petition must be dismissed.  ***Valona v. United States*, 138 F.3d

693, 694-695 (7th Cir. 998).**

Petitioner asserts that the Section 2241 petition decided in Louisiana *is* distinguishable

from the one at bar, but he does not explain how that is so.  Petitioner asserts that this is the first

time he has presented the issue:

> Whether the Bureau of Prison's  violated 18 USC § 3585(a); and its own Program
> Statement 5880.28, by stopping the calculation of Cain's sentence when he was
> transferred from USP Leavenworth , May 11, 2000 to Missouri state authorities. [sic].

**(Doc. 1-2, pp. 5-6).**

---

[4]In contrast, a challenge to the sentence itself, must proceed under 28 U.S.C. § 2255.  ***See***
***Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994).**

One need only review the issues addressed by the U.S. District Court for the Western District of Louisiana and the Court of Appeals for the Fifth Circuit to clearly see that petitioner is making the same arguments before this Court. **(Doc. 12-3, pp. 4-36).** Insofar as petitioner appears to add reliance upon the violation of the prison Program Statement, respondent correctly asserts that the principle of res judicata (and the intertwined doctrine of "claim preclusion") bars consideration of this point of error because it could have been raised before. ***Warren v. McCall*, 709 F.2d 1183, 1184-1186 (7th Cir. 1983); *see also White v. United States*, 371 F.3d 900, (7th Cir. 2004) (confirming that res judicata and claim preclusion are applicable in the context of habeas corpus petitions).** The alleged violation of Program Statement 5880.28 obviously occurred at the time of the original transfer and is nothing new.

## Recommendation

For the aforestated reasons, it is the recommendation of this Court that petitioner Hansel E. Cain's petition for writ of habeas corpus **(Doc. 1)** be dismissed with prejudice, as the Court lacks jurisdiction to consider what is a successive petition, mere rehash of issues previously decided in *Cain v. Menifree*, Civil No. 06-1657 (W.D. LA), and *Cain v. Menifee*, No. 07-30067 (5th Cir. March 10, 2008).

**DATED: August 31, 2009**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **September 18, 2009**.