UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HANSEL E. CAIN,

      Petitioner,

    v.                                                      Case No. 08-cv-678-JPG

W.A. SHERROD,

      Respondent.

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 25) of Magistrate Judge Clifford J. Proud recommending that the Court dismiss for lack of jurisdiction petitioner Hansel E. Cain's petition under 28 U.S.C. § 2241 (Doc. 1). Cain has filed an objection to the Report (Doc. 26).

Cain is an inmate of the Federal Correctional Institute at Greenville, Illinois. He filed this § 2241 petition challenging the Bureau of Prisons' calculation of his sentence in light of complicating factors created because he was convicted of state and federal crimes relatively closely in time. Cain was originally in state custody serving his state sentence but was taken into federal custody after his federal sentencing. Several days later he was transferred back to state custody, where he finished serving his state sentence, and was then transferred to federal custody again to finish serving his federal sentence. He did not get credit on his federal sentence for the time he served in the state facility after his federal sentencing. Effectively, he is serving his federal sentence consecutively to his state sentence. He believes he should have gotten credit toward his federal sentence for his time served in state custody after his federal sentence was pronounced.

The Court may accept, reject or modify, in whole or in part, the findings or

recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P.

72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.

"If no objection or only partial objection is made, the district court judge reviews those unobjected

portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Report concludes that Cain's pending § 2241 petition raises the same issues that were

decided on the merits in a prior § 2241 petition in *Cain v. Menifee*, No. 06-1657, 2006 WL

5441184(W.D. La. Dec. 29, 2006), *aff'd in pertinent part*, No. 07-30067, 2008 WL 681679 (5th

Cir. Mar. 10, 2008), *cert denied*, 129 S. Ct. 323 (2008).  It therefore finds the pending petition is

barred by 28 U.S.C. § 2244(a), which provides in pertinent part that no district court

> shall be required to entertain an application for a writ of habeas corpus to inquire
> into the detention of a person pursuant to the judgment of a court of the United
> States if it appears that the legality of such detention has been determined by a
> judge or court of the United States on a prior application for a writ of habeas
> corpus. . . .

The Seventh Circuit Court of Appeals has construed this provision to bar successive § 2241

petitions that are directed at the same issue raised in a prior petition.  *See Valona v. United States*,

138 F.3d 693, 694 (7th Cir. 1998);  *West v. Zuercher*, No. 07-1127, 2007 WL 2680566, at *2

(C.D. Ill. July 18, 2007).  The improper successive petition must be dismissed for lack of

jurisdiction. *See, e.g., Schaefer v. Bezy*, No. 06-1101, 2006 WL 2829002, at *2 (7th Cir. Sept. 29,

2006).  To the extent the pending petition purports to rely on violation of a Bureau of Prisons'

Program Statement instead of a statutory or constitutional provision, as the prior petition did, the

Report finds *Cain v. Menifee* is *res judicata* and precludes reconsideration of the issue.

In his objection, Cain reiterates his belief that his transfer of custody between federal and

state authorities was wrong.  He also argues that he should be allowed to proceed in the pending §

2241 petition because it is the first time he has presented it to a court *within the Seventh Circuit*.

The Court has conducted a *de novo review* of Cain's § 2241 petition and finds that the Report correctly explained and decided the relevant issues.  Cain's argument in his prior petition and in the current petition boil down to the same dispute:  whether he was given proper credit toward his federal sentence for the time he spent in state custody.  Dress it up as a constitutional, statutory or regulatory violation, it challenges the same Bureau of Prison's sentencing calculation decision for the same reasons.  Therefore, it is a successive § 2241 petition barred by § 2244(a), and the Court must dismiss it for lack of jurisdiction.

The fact that Cain is presenting his argument in this judicial circuit for the first time does not render § 2244(a) inapplicable.  That statute bars this Court from hearing *any* § 2241 petition where the legality of the petitioner's detention has been determined "by a judge or court of the United States" in a prior petition.  The Honorable Dee D. Drell of the United States District Court for the Western District of Louisiana determined Cain's detention was legal and accordingly denied Cain's prior § 2241 petition.  The United States Court of Appeals for the Fifth Circuit then affirmed Judge Drell's order in pertinent part.  Judge Drell and the Court of Appeals for the Fifth Circuit are each "a judge or court of the United States" for purposes of § 2244(a).  Therefore, regardless of the fact that this Court is in a different judicial district and circuit, it cannot entertain Cain's arguments again.

For the foregoing reasons, the Court **ADOPTS** the Report (Doc. 25), **DISMISSES** Cain's § 2241 petition (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  January 13, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**